HERMAN RICE AND W. W. RICE, RESPONDENTS, v. WILBUR J. MANLEY, APPELLANT.

*Contract, void by statute of frauds — performance of, prevented by false representations of third party — Liability of third party therefor — Measure of damages on breach of contract to sell and deliver goods, determined by price at place of delivery.*

The plaintiffs and one Stebbins entered into an agreement for the purchase and sale of cheese, which was void by the statute of frauds. The defendant, by false and fraudulent representations made to Stebbins, prevented him from performing his part of the agreement, whereby the plaintiffs sustained damages, to recover which they brought this action. *Held*, that, unless there was a contract between the plaintiffs and Stebbins for the purchase and sale of the cheese, the plaintiffs could not be damnified by the fraudulent representations of the defendant.

By the terms of the said agreement, the cheese was to be delivered at Cattaraugus station, in Cattaraugus county. The referee allowed the plaintiffs to prove the value of similar qualities of cheese in New York city, and made that value, less the cost of transportation, the measure of damages in this action. *Held*, error ; that if property contracted to be sold, has a market value at the place where it is to be delivered, that price must control, unless the parties contemplated a different market; that resort can only be had to the price at other places, when there is none at the place of delivery.

APPEAL from a judgment entered upon the report of a referee. The plaintiffs were partners, and were engaged in the business of buying cheese in Cattaraugus and Allegany counties, and shipping the same to New York. On the 24th day of July, 1872, they made an oral agreement with one F. D. Stebbins, by which it was agreed that Stebbins should sell and deliver to the plaintiffs, at Cattaraugus station, 24,000 pounds of cheese, at the price of eleven cents per pound, the delivery to be made on the twenty-seventh of said month, at which time the plaintiffs were to take and pay for the said cheese. No part of the purchase-price was paid, nor was any part of the cheese delivered. The defendant had knowledge of the said agreement, and in order to prevent Stebbins from performing his part of it, and to become the purchaser of the cheese himself, he, without the knowledge or authority of the plaintiffs, caused the following message to be sent by telegraph from Little Valley to Cattaraugus station :

"LITTLE VALLEY, *July 24th*, 1872.

"To F. D. Stebbins, Cattaraugus, N. Y.: If you can sell that cheese, do so. I don't care for it.

"E. RICE."

"(Send by special messenger.)"

The defendant procured the message from the telegraph office at Cattaraugus station, upon its receipt there, and delivered it to Stebbins, who, believing that it had been sent by the plaintiff, Herman Rice, accepted a proposition made by the defendant for the purchase of the said cheese, and entered into a valid contract with him for the sale of it. The plaintiffs were ready and prepared at the time and place agreed upon, to take and pay for the said cheese, as they had agreed. The referee found that the contract between Stebbins and the plaintiffs was void by the statutes and laws of this State, but that Stebbins intended in good faith to carry it out in all respects as if he had been legally bound to do so, and that he would have done so but for the fraudulent acts of the defendant. He also found, "that eleven cents per pound for cheese of that kind and quality, was the highest price paid on the 27th day of July, 1872, at the place of delivery, but the said cheese was purchased by the plaintiffs for the New York city market; that the value of the plaintiff's oral contract, aforesaid, with said Stebbins, was sixty dollars, and the real value of said cheese, so purchased, was the sum of sixty dollars, at least, over and above the price agreed to be paid therefor, by virtue of said oral agreement, and that the plaintiffs sustained damages by reason of the wrongful acts of the defendant, aforesaid, in the sum of sixty dollars." He found, as a conclusion of law, that the plaintiffs were entitled to judgment against the defendant for that sum.

*Cary & Jewell*, for the appellant.

*Angel & Jones*, for the respondents.

MULLIN, P. J.:

The case of *Benton* v. *Pratt*,* is decisive of this case, if it has not been overruled. In that case it was held, that, where a con-

* 2 Wend., 385.

tract would have been fulfilled but for the false and fraudulent representation of a third person, an action will lie against such third person, although the contract was void by the statute of frauds.

In *Dung* v. *Parker*, * it was held, that the defendant, who had falsely represented that he had authority to lease a store to plaintiff for two years, in consequence of which plaintiff was put to expense in procuring fixtures to fit it up, was not liable for the damages resulting from such misrepresentation, the contract of leasing being void by the statute of frauds. I am unable to discover any difference in principle between the cases first and last cited. In both, the party sued was acting as agent for others. In both, he was guilty of false representation, by means whereof the plaintiffs were injured ; and in both, the contract was void by the statute of frauds. If the defendant was not liable in the one case, he ought not to be held liable in the other. The broad ground is taken by the Court of Appeals, that, whenever a plaintiff is bound to prove a contract to entitle him to recover, and that contract is void by the statute of frauds, neither the parties to it, nor any third person, can maintain the action. Unless there was a contract between Rice and Stebbins for the sale and purchase of the cheese, Rice could not be damnified by the fraudulent representation of the defendant.

The learned judge who wrote the opinion in *Dung* v. *Parker*, does not allude to the case of *Benton* v. *Pratt*, † nor to any of the cases that follow it, or that lay down the same proposition, notwithstanding the cases were cited by the respondent's counsel.

Again, plaintiff ought not to have been allowed to prove the price of cheese in New York, and make that price, less the cost of transportation, the measure of damages. If property contracted to be sold, has a market-price at the place where it is or is to be delivered, that price must control, unless the parties contemplated a different market; and resort can only be had to the price at other places, where there is none at the place of delivery. ‡ The referee has estimated the damages upon the value of cheese in New York.

* 52 N. Y., 494.          † *Supra.*          ‡ Durst v. Burton, 47 N. Y., 167

This was erroneous, and the judgment must for that reason be reversed.

Present — MULLIN P. J., SMITH and GILBERT, JJ.

Judgment reversed.